IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              CASE NO. 15-05119 (ESL)

CARMELO RIVERA ROMAN                               CHAPTER 7
ZULEIKA DEL CARMEN CAMPOS RUIZ

        Debtors

OPINION AND ORDER

This case is before the court upon the *United States Trustee's Motion for Sanctions* (Docket No. 18). The United States Trustee seeks sanctions against attorney Ada Conde for: (1) filing an Application to Pay Filing Fees in Installments despite having allegedly received the full amount of the fees, (2) failing to disclose the true amount of her compensation on the 2016(b) Disclosure of Compensation and Statement of Financial Affairs, and (3) collecting dischargeable post-petition fees. Accordingly, the United States Trustee (the "U.S. Trustee") requests that sanctions be imposed against attorney Conde pursuant to Section 105, Section 707(b)(4), Federal Rule of Bankruptcy Procedure 9011 and/or 28 U.S.C. §1927. Attorney Conde filed her *Reply to the United States Trustee's Motion for Sanctions* (Docket No. 28). Also before the court is the *United States Trustee's Report in Compliance with Order at Docket No. 74* (Docket No. 76).

Procedural Background

On July 3, 2015, the Debtors filed a voluntary petition in the bankruptcy court for the District of Puerto Rico under the provisions of chapter 7 of the Bankruptcy Code. (Docket No. 1). The Debtors indicated on the petition that the filing fee would be paid in installments (Docket No. 1, p. 1). The *Disclosure of Compensation of Attorney for Debtor(s)* indicates that attorney Conde agreed to accept $1,000 for legal services and that prior to the filing of the statement she received

-1-

$0.00 (Docket No. 1, p. 8). On July 3, 2015, the Debtors also filed an *Application for Individuals to Pay the Filing Fees in Installments* (Docket No. 2) indicating that they paid $95.00 with the filing of the petition and proposing to pay the fees in four installments[1]. On that same date, the Debtors also filed their schedules, the summary of the schedules, the statement of financial affairs and other documents (Docket No. 4). The *SOFA* indicates that the Debtors paid attorney Conde $95.00 prior to the filing of the petition (Docket No. 4, pp. 24-25, item no. 9). On July 4, 2015, the court entered the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines* (Docket No. 7) scheduling the 341(a) meeting for August 12, 2015. On July 15, 2015, the court entered an *Order* granting the *Application to Pay Filing Fees in Installments* (Docket No. 11).

The 341(a) meeting held on August 12, 2015, was continued to October 7, 2015 (Docket No. 17)[2]. On August 13, 2015, the Debtors paid the remaining $240.00 filing fees (Docket No. 16). On that same date, the U.S. Trustee filed its motion requesting sanctions against attorney Conde (Docket No. 18). The U.S. Trustee stated that during the meeting of the creditors held on August 12, 2015, the "Debtors testified they made two partial payments to the attorney towards her required fees, one of $700 on July 3 (the same day of the petition and Application) and one of $1,360 on July 9, for a total of $2,060." (Docket No. 18, p. 1, ¶6). The U.S. Trustee argues that: (i) Fed. R. Bankr. P. 1006(b)(3) prohibits an attorney from receiving payment from the debtor (or through a plan) while there is an outstanding filing fee balance; (ii) Fed. R. Bankr. P. 9011(b) states

---

[1] The *Application to Pay the Filing Fees in Installments* filed on July 3, 2015 (Docket No. 2) contains the electronic signature of the Debtors and attorney Conde.

[2] During the 341(a) meeting held on August 12, 2015, the Chapter 7 Trustee asked the Debtors why they had failed to pay the second installment fee as it was due on August 3 and Mr. Rivera responded "[n]o, we do not know…". The Chapter 7 Trustee then asked "[y]ou did not know of the application to pay filing fees in installments?" and Mr. Rivera responded "[n]o" and Mrs. Campos declared "I don't understand, I paid what the attorney requested of us, and it was paid off, at that moment, but … really I don't know anything." (**Exhibit C** of Docket No. 76, Transcript of August 12, 2015 341 meeting, p.1). The Chapter 7 Trustee then asked Debtors how much they paid and Mrs. Campos replied "[a] thousand was paid…A thousand what was it?" The Debtors then proceeded to search their receipts and the Chapter 7 Trustee stated that "$700 were paid on July 3" and "On July 9, $1,360 were paid." The Debtors proceeded to indicate that the signature on the receipts belonged to attorney Conde's secretary. (**Exhibit C** of Docket No. 76, Transcript of August 12, 2015 341 meeting, pp.1-2).

that an attorney who files a petition or other bankruptcy documents certifies that the document is not being presented for an improper or frivolous purpose and that the allegations and other factual contentions contained therein have evidentiary support or are likely to have support after further investigation; (iii) 28 U.S.C. §1927 allows courts to impose sanctions on attorneys who unreasonably and vexatiously multiply the proceedings in a case; (iv) Fed. R. Bankr. P. 2016(b) and Section 329 require that attorney's disclose their compensation and attorney Conde "failed to inform $700 fees already received in her Rule 2016(b) Statement of Compensation, and in fact, informed $1,000 remained to be paid, when these are dischargeable in Chapter 7" (Docket No. 18, p. 5, ¶ 17); and (v) "Debtors' attorney received $1,360 in fees post-petition, when courts have held that unpaid pre-petition obligations, including unpaid attorney's fees, are dischargeable" (Id. at p. 6,¶ 19). Accordingly, the U.S. Trustee requests sanctions be imposed against attorney Conde pursuant to Section 105, Section 707(b)(4), Fed. R. Bankr. P. 9011, and/or 28 U.S.C. §1927.

On August 24, 2015, the Debtors filed a *Notice of Conversion to Chapter 13* (Docket No. 20). On August 25, 2015, attorney Conde amended the *Disclosure of Compensation of Attorney for Debtor(s)* indicating that she agreed to accept $2,100 for her legal services and that she received $1,300 prior to the filing of the statement (Docket No. 24). On August 31, 2015, attorney Conde filed her *Reply to the U.S. Trustee's Motion for Sanctions* (Docket No. 28) declaring that: (i) she personally advised the Debtors on or around the month of June 2015; (ii) "Debtors informed that they did not have the money to pay the amounts required neither for Chapter 13 and Chapter 7 not even the filing fees"; (iii) the Debtors went to her office on July 3, 2015[3], and "explained they were in a rush to file and they [*sic*] not have the money to pay the full amount of filing fees and were interested in filing a Chapter 7"; (iv) attorney Conde explained to the Debtors that she would

---

[3] **Exhibit A** of Docket No. 28 is a version of the *Application for Individuals to Pay Filing Fees in Installments* which contains the Debtors' wet signatures.

be out of the office for some weeks because her daughter was having surgery; (v) attorney Madelaine Llovet agreed to assist the Debtors at the 341(a) meeting scheduled for August 12, 2015; and (vi) she found out that the Debtors had paid additional money for the first time on the evening of August 12, 2015 when she spoke to attorney Llovet. Attorney Conde sustains that she proceeded to investigate the matter and discovered that her secretary, Ms. Maelen Cubano, against her instructions, "received the money because the Debtors insisted they wanted the conversion to Chapter 13." (Docket No. 28, p. 4, ¶¶n-o). Moreover, she states that she proceeded to pay the full amount of filing fees owed and met with the Debtors to prepare the conversion to Chapter 13 as the Debtors indicated that they had changed their mind.

On September 11, 2015, the court entered an *Order* granting the conversion to Chapter 13 and the 341(a) meeting was scheduled for October 13, 2015 (Docket No. 30). On September 16, 2015, the court entered an *Order and Notice* scheduling a hearing for February 23, 2016, to consider the U.S. Trustee's request for sanctions and attorney Conde's reply (Docket No. 36). On October 13, 2015, the 341(a) meeting was held and the Chapter 13 Trustee's minutes reflect, among other things, that the amount the debtors agreed to pay attorney Conde was not clear and that "[a]s per debtor's sworn statement filed in this case at the Reply, they paid their bankruptcy counsel $1,600.00 as an advance for the chapter 13 fees. The amended rule 2016 disclosure, however, only discloses the amount of $1,300.00 and outstanding fees to be paid to counsel of $800.00." (Docket No. 40, p. 2, ¶¶ 4(a)-(b)). Moreover, the minutes indicate that the *SOFA* "does not divulge all amounts received by debtor's counsel in connection with this bankruptcy, as per debtors' sworn statement. It only discloses the $95.00 initially paid for the filing fee installment." (Docket No. 40, p. 4, ¶5).

On November 27, 2015, the Debtors filed a *Notice of Conversion to Case from Chapter 13 to Chapter 7* (Docket No. 48) and the same was granted on December 22, 2015 (Docket No. 56).

-4-

The 341(a) meeting was scheduled for February 3, 2016 (Docket No. 59). The 341 meeting was closed on February 8, 2016 (Docket No. 68).

On February 23, 2016, a hearing was held were the U.S. Trustee and attorney Conde argued their respective positions (Docket No. 69 *Audio File*, Docket No. 70, *Minute Entry* and Docket No. 74 *Transcript*). The court ordered the U.S. Trustee to submit proposed findings and facts and conclusions of law within thirty days and granted attorney Conde thirty days thereafter to submit hers. On March 24, 2016, the U.S. Trustee filed its *Report in Compliance with Order at Docket No. 74* (the "*Report*", Docket No. 76). In its *Report* the U.S. Trustee argues that attorney Conde: (i) "violated Federal Rule of Bankruptcy Procedure 1006(b)(3), by filing an application to pay the filing fees in instalments on behalf of Debtors, when Debtors had already paid her the amount of $700 on July 3, 2015, and subsequently the amount of $1,360 on July 9, 2015"; (ii) violated ABA Model Rule of Professional Conduct 1.4(a)(1),(2) and (3) "by failing to inform Debtors that she filed an application to pay filing fees in instalments on their behalf"; (iii) violated Fed. R. Bankr. P. 1008; (iv) "violated FRBP 9011(b) by filing an application to pay filing fees in installments when Debtors had the means to pay the full filing fee as well as all of her legal fees"; (v) "failed to perform a factual investigation regarding the amount of fees she received before filing the Statement of Financial Affairs, as required by the above-cited provisions [Section 707(b)(4)(B), (C) and (D) and Fed. R. Bankr. P. 9011(b))]"; (vi) unreasonably and vexatiously multiplied the proceedings pursuant to 28 U.S.C. §1927 with the filing of the unnecessary application to pay filing fees in installments; (vii) violated Section 329 and Fed. R. Bankr. P. 2016(b) "by filing two Statements of Compensation that did not accurately disclose the legal fees she received; and (viii) "also acted inappropriately by receiving payment for legal services from Debtors after the filing of the petition, when courts have held that unpaid pre-petition obligations, including unpaid attorney's fees, are dischargeable." Accordingly, the U.S. Trustee reiterates its request that

sanctions be imposed against attorney Conde pursuant to Section 105, Section 707(b)(4), Fed. R. Bankr. P. 9011 and/or 28 U.S.C. §1927.

After several procedural events[4], on August 25, 2016, attorney Conde filed a *Motion to Dismiss for Failure to Comply with the Safe Harbor Provision of Rule 9011 of the FRBP* (Docket No. 96). She declares that the U.S. Trustee filed their request for sanctions on August 13, 2015, one day after the first 341 meeting and argues that "[b]ecause the U.S. Trustee did not comply with the "Safe Harbor" provision of Rule 9011, this case must be dismissed." (Docket No. 96, p. 2, ¶¶14-15). In addition, attorney Conde argues that her "due process rights" have been violated by the U.S. Trustee as it has refused to hand over all the recordings and transcripts in the U.S. Trustee's possession related to the 341(a) meetings in this case and in case No. 15-05131[5]. On August 31, 2016, the U.S. Trustee filed a *Notice of Intent to Respond and Request for Period of 14 Days to File Response* (Docket No. 97) requesting fourteen (14) days to respond to attorney Conde's motion to dismiss and the same was granted on September 1, 2016 (Docket No. 98). On September 14, 2016, the U.S. Trustee filed its *Opposition to Attorney Conde's Motion to Dismiss Motion for Sanctions* (Docket No. 100). The U.S. Trustee argues that: (i) attorney Conde's motion does not comply with the *Order* entered at Docket No. 74 in which the court directed the parties to file pre-hearing reports with each parties proposed findings of facts supported by the record of the case or extrinsic evidence; (ii) attorney Conde has failed to explain the inconsistencies regarding the date the petition was filed and the date the money was allegedly received by her secretary; (iii) "it is blackletter law in Puerto Rico that an attorney is responsible for the actions of her employees and assistants"; (iv) pursuant to ABA Model Rule 5.3 an attorney is responsible for

---

[4] See Dockets Nos. 80,81,83,84,86,88,89, 91,92 and 93.

[5] Also pending before this court is the U.S. Trustee's request for sanctions against attorney Conde in case no. 15-05131.The two cases present similar, albeit not identical facts, and the court will enter a separate opinion and order in that case.

the conduct of his/her non-lawyer employee; (v) attorney Conde waived her right to the safe harbor defense under Fed. R. Bankr. P. 9011 as she did not raise until a year after the U.S. Trustee filed the *Motion for Sanctions*; (vi) Fed. R. Bankr. P. 9011(c)(1)(A) excludes from the safe harbor provision a request for sanctions based on the filing of a petition and because the Rule 2016(b) Statement filed with the petition and the Application for Individuals to Pay Filing Fees in Installments was filed concomitantly with the petition they should be considered exempt from the safe harbor provision; and (vii) even if the court agrees that the U.S. Trustee failed to comply with the safe harbor provision it has moved for sanctions based on other provisions and sections of the Bankruptcy Code which do not require compliance with the safe harbor provision. On September 16, 2016, the court entered an *Order* denying the motion to dismiss for the reasons stated by the U.S. Trustee in Docket No. 100 (Docket No. 101).

On October 1, 2016, attorney Conde filed a *Motion to Reconsider Denial of Motion to Dismiss* (Docket No. 105) restating her previous arguments as to the facts that gave rise to the alleged violations. Attorney Conde also argued that this case differs from the cases cited by the U.S. Trustee finding that attorneys are responsible for their employees' actions and declaring that she took immediate remedial action in the instant case once she found out about her secretary's mistake. In addition, she also argues that she did not know of the payments and thus "lacked knowledge" as required by ABA Model Rule 5.3. Attorney Conde also sustains that the cases cited by the U.S. Trustee for the position that the safe harbor provision of Fed. R. Bankr. P. 9011 can be waived are distinguishable. Finally, she reiterates that the U.S. Trustee has violated her "due process rights" by failing to timely and completely provide her with the recording and transcripts of the 341 meetings. On October 14, 2016, the U.S. Trustee filed its *Opposition to Counsel Conde's Motion for Reconsideration* (Docket No. 107) arguing that: (i) the motion for reconsideration does not meet the requirements of Fed. R. Bankr. P. 9023 and FRCP 59(e); (ii)

attorney Conde's only remedial action was to pay the remaining filing fee balance to the court after the Debtors' testimony in the 341(a) meetings and that she "omitted the fact that part of the monies she received from Debtors was after the petition was filed" thus "Counsel Conde should have returned the funds to the Debtors"; and (vii) the safe harbor defense in this case is waived or inapplicable. On October 15, 2016, attorney Conde filed her *Reply to Trustees Opposition to Counsel Conde's Motion to Reconsider* (Docket No. 109) declaring that "[i]t is an undisputable fact that in order to comply with this Honorable Court's order and file a responsible memorandum of law, it was as is still needed the FULL transcript of the Meeting of the Creditors in the instance [*sic*] case". (Docket No. 109, p.1, ¶5). She also sustains that she took additional remedial actions besides paying the filings fees because she also filed the conversion to chapter 13 which is what the Debtors had requested and thus she satisfied the requirements of ABA Model Rule 5.3 and In Re Nieves Rodriguez, 172 D.P.R. 130 (2007). Finally, she argues that the instant matter is a "manifest injustice" and that: (i) she has been practicing for more than twenty years; (ii)the conduct giving rise to this matter occurred while she was dealing with a family emergency; and (iii) upon discovering the same she took prompt remedial actions. On October 24, 2016, the court entered an *Order* denying the *Motion to Reconsider Denial of Motion to Dismiss* (Docket No. 110)[6].

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b). The power to sanction will be discussed further below.

---

[6] However, attorney Conde never filed her proposed findings of facts and conclusions of law in compliance with the *Order* entered at Docket No. 70. Thus, the only proposed findings of facts and conclusions in the record are those filed by the U.S. Trustee (Docket No. 76).

Applicable Law and Analysis

*Sanction requests under Fed. R. Bankr. P. 9011 and the "safe harbor" provision*

Section (c) of Federal Rule of Bankruptcy Procedure 9011 indicates how requests for sanctions under Fed. R. Bankr. P. 9011 must be initiated. Specifically, it provides:

(1) How initiated
(A) By motion
A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) On court's initiative
On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.
Fed. R. Bankr. P. 9011(c).

Thus, a court may impose sanctions pursuant to Fed. R. Bankr. P. 9011 upon the request of a party made through a separate motion or on its own initiative after entering an order describing the specific conduct which allegedly violates Fed. R. Bankr. P. 9011(b). However, if the request is initiated by a party, it must comply with the "safe harbor" provision which requires that the party serve the motion requesting sanctions to the other party before filing it with the court. The party being served the motion then has twenty-one days to withdraw the challenged paper. The party requesting sanctions can only file the motion with the court if the other party does not withdraw the challenged paper within twenty-days. "The safe harbor provision immunizes litigants from Rule 9011 motions if they withdraw or correct the challenged paper before the motion is filed or presented." Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy

¶9011.05[1][b] (16th ed. 2015). The purpose of the safe harbor provision is to afford parties an opportunity to correct their errors. Nyer v. Winterthur Int'l, 290 F.3d 456, 460 (1st Cir. 2002) ("This provision is designed to allow an attorney to correct his error before a party commences Rule 11[7] proceedings.").

In the instant case, the U.S. Trustee did not comply with the safe harbor provisions of Fed. R. Bankr. P. 9011(c)(1)(A) since it failed to serve the motion to attorney Conde before filing it with the court. In fact, the U.S. Trustee filed the request for sanctions the day after the Debtors' testimony in the 341 meeting held on August 12, 2015. Thus, the U.S. Trustee failed to comply with the safe harbor provision as it never gave attorney Conde notice and the opportunity to withdraw the papers in controversy. Nevertheless, the U.S. Trustee argues that this is not fatal to their request for sanctions pursuant to Fed. R. Bankr. P. 9011 because: (i) the challenged papers fall within the exception to the safe harbor provision contained in Fed. R. Bankr. P. 9011(c)(1)(A) and/or (ii) attorney Conde waived this defense by failing to raise it in a timely manner.

Fed. R. Bankr. P. 9011(c)(1)(A) excepts from the safe harbor provision conduct related to the filing of a petition in violation of Fed. R. Bankr. P. 9011(b). "This is because the filing of a petition has immediate serious consequences, among which is the imposition of the automatic stay of section 362 to the Code. In addition, a petition initiating a case under the Bankruptcy Code may not be withdrawn unless and until a court order has been obtained, after notice and a hearing." Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy ¶9011.05[1][d] (16th ed. 2015). The U.S. Trustee's request for sanctions is based on the: (1) Fed. R. Bankr. P. 2016(b) disclosure of compensation, (2) the Statement of Financial Affairs, and the (3) Application for Individuals to Pay the Filing Fee in Installments. The U.S. Trustee argues that these documents should fall within the exception as they were filed either with or contemporaneously with the petition. The court declines to extend the exception contained in Fed. R. Bankr. P. 9011(c)(1)(A) beyond the explicit language contained therein. Thus, the exception to the safe harbor provision contained in

---

[7] "Because Rule 9011 is derived from Federal Rule of Civil Procedure 11, the First Circuit has explained that "Rule 11 jurisprudence is largely transferable to Rule 9011 cases." In re CK Liquidation Corp., 321 B.R. 355, 362 (B.A.P. 1st Cir. 2005), quoting In re D.C. Sullivan Co., 843 F.2d 596, 598 (1st Cir.1988).

-10-

Fed. R. Bankr. P.  9011(c)(1)(A) is not applicable in the instant case as the U.S. Trustee's request for sanctions is not based on the petition itself. But see In re Parikh, 508 B.R. 572, 588 (Bankr. E.D.N.Y. 2014) (declaring that Fed. R. Bankr. P.  9011(c)(1)(A) exception to the safe harbor provision applies to bankruptcy petition and schedules).

In the alternative, the U.S. Trustee also argues that attorney Conde waived the safe harbor provision defense by failing to raise it in her original response to the request for sanctions. Attorney Conde raised the safe harbor provision defense for the first time almost a year after the request for sanctions was filed. The U.S. Trustee relies on In re Kitchin, 327 B.R. 337, 362 (Bankr. N.D. Ill. 2005) and Nyer v. Winterthur Int'l, 290 F.3d at 460. In Nyer v. Winterthur Int'l, the United States Court of Appeals for the First Circuit found that the safe harbor defense contained in Federal Rule of Civil Procedure 11 was waived by a party who failed to raise it before the district court and raised it on appeal for the first time. Nevertheless, that case can be easily distinguished from the instant case as attorney Conde raised the defense before this court, although belatedly.  However, in In re Kitchin, a bankruptcy court held that a party that failed to raise the safe harbor defense during the hearings held and only raised the issue for the first time in a reply brief "some months" later waived the defense. In re Kitchin, 327 B.R. at 362. The Court concluded that "[p]laintiffs failure to press its rights is fatal and it must be concluded that Plaintiffs thereby waived or forfeited its rights to attack the Debtor's compliance with the safe harbor provision." Id.

The court finds that attorney Conde failed to raise this defense in a timely matter. Nevertheless, the court agrees with the majority of bankruptcy courts in the First Circuit and finds that the U.S. Trustee's failure to comply with the safe harbor provision is fatal to their request for sanctions pursuant to Fed. R. Bankr. P.  9011(b). See In re Gianasmidis, 2016 WL 556154, at *1 (Bankr. D. Mass. Feb. 11, 2016) ("The majority of courts has ruled that the safe harbor provisions must be strictly observed and that sanctions cannot be awarded where the prerequisites to filing have not been followed and where an opportunity to withdraw the pleading or motion has not been provided, including in circumstances where an order has been entered disposing of the

-11-

offending pleading or motion."); In re Daniel, 2015 WL 3613061, at *6 (Bankr. D. Mass. June 9, 2015) (denying motion for sanctions for failure to comply safe harbor provision"); In re Claudio, 463 B.R. 190, 196 (Bankr. D. Mass. 2012) ("Failure to comply with this safe harbor provision is fatal to the sanctions request); In re Rodrigues, 370 B.R. 467, 479 (Bankr. D. Mass. 2007) ("[T]he Court cannot award sanctions as the Debtor has failed to afford Long the safe harbor provided by Rule 9011(c)(1)(A)."); In re M.A.S. Realty Corp., 326 B.R. 31, 38 (Bankr. D. Mass. 2005) ("The safe harbor provision must be strictly complied with in order for sanctions to be imposed under the amended Rule.").

Thus, the court will not impose sanctions pursuant to Fed. R. Bankr. P. 9011[8] and will now consider the U.S. Trustee's request for sanctions pursuant to Section 105, Section 329 and Fed. R. Bankr. P. 2016(b).

*Sanctions under Section 105*

Section 105(a) provides:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
> 11 U.S.C. § 105.

The United States Courts of Appeal for the First Circuit has stated "Section 105(a) of the Code provides the bankruptcy court broad authority to "exercise its equitable powers-where 'necessary'

---

[8] The United States Trustee has also requested sanctions under Section 707(b)(4). However, Section 707(b)(4)(A) and (b)(4)(B) make reference to the "procedures described in Rule 9011 of the Federal Rules of Bankruptcy Procedure" and thus the request is denied for the same reason as the request pursuant to Fed. R. Bankr. P. 9011. 11 U.S.C. §707. See In re Parikh, 508 B.R. at 595 ("Section 707(b)(4)(C) and (D) should be read in conjunction with § 707(b)(4)(A) and (B), which both refer specifically to Rule 9011 and/or the "procedures described in rule 9011 of the Federal Rules of Bankruptcy Procedure." A finding that the safe harbor provisions do not apply to sanctions under § 707(b)(4)(C) and (D) would eviscerate the safe harbor provision of Rule 9011. As this Court previously stated, § 707(b)(4) sanctions were intended to be an explicit extension of Rule 9011 sanctions to debtor's counsel into the bankruptcy context."); In re Trudell, 424 B.R. 786, 792 (Bankr. W.D. Mich. 2010).

or 'appropriate'-to facilitate the implementation of other Bankruptcy Code provisions." In re Nosek, 544 F.3d 34, 43 (1st Cir. 2008); quoting Bessette v. Avco Fin. Servs., Inc., 230 F.3d 439, 444 (1st Cir.2000). However, "[i]t is hornbook law that § 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." Law v. Siegel, 134 S. Ct. 1188, 1194, 188 L. Ed. 2d 146 (2014); quoting 2 Collier on Bankruptcy ¶ 105.01[2], p. 105–6 (16th ed. 2013).

Moreover, the First Circuit Court of Appeals has stated that "[b]ecause § 105(a) gives courts this power to ensure compliance with its own orders, we have referred to it as conferring "statutory contempt powers" which "inherently include the ability to sanction a party. In re Nosek, 544 F.3d 34 at 43–44, quoting Bessette v. Avco Fin. Servs., Inc., 230 F.3d 439 at 445; see also In re Morgenstern, 542 B.R. 650, 660 (Bankr. D.N.H. 2015), aff'd sub nom. White v. Gordon, 558 B.R. 15 (D.N.H. 2016) ("Section 105(a) empowers the Court to sanction a party where the sanction is "demonstrably necessary to preserve a right elsewhere provided in the Code."). Courts may thus regulate who may appear before them, may sanction attorneys or their clients for abuse of process and other harms." 2 Collier on Bankruptcy ¶ 105.02[6][b](16th ed. 2016).

In the instant case, the request for sanctions is not based on a violation of a court order but on alleged violations of provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and of the ABA Model Rule of Professional Conduct. The U.S. Trustee's requests for sanctions is based, in part, on attorney Conde's failure to comply with Section 329 and Fed. R. Bankr. P.  2016(b)'s disclosure requirement which the court will proceed to examine.

-13-

*Section 329 and Fed. R. Bankr. P.  2016(b)*

Section 329 states that:

**(a)** Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329.

In addition, Fed. R. Bankr. P. 2016(b) provides:

Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the U.S. Trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the U.S. Trustee within 14 days after any payment or agreement not previously disclosed.

Fed. R. Bankr. P. 2016.

"The Bankruptcy Code requires fee disclosure so that courts can "prevent overreaching by debtors' attorneys and give interested parties the ability to evaluate the reasonableness of the fees paid." In re Ortiz, 496 B.R. 144, 148 (Bankr. S.D.N.Y. 2013) (citations omitted). Thus, "[t]he heart of this framework is disclosure." Alan N. Resnick & Henry J. Sommer, 9 Collier on Bankruptcy ¶2016.01 (16th ed. 2015).

Compliance with Section 329 and Fed. R. Bankr. P. 2016(b) is mandatory. In re Parrilla, 530 B.R. 1, 10 (Bankr. D.P.R. 2015) ("Debtor's attorneys must comply with the mandatory

disclosure requirements of 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b) to receive compensation."). "In short, the Rule 2016(b) statement is an attorney's certification on which the Debtor, the Court, the Trustee, and the creditors rely. It is not a meaningless paper that attorneys can ignore or blithely treat as insignificant." In re Kowalski, 402 B.R. 843, 848 (Bankr. N.D. Ill. 2009). Accordingly, "[c]ourts have been ready to impose severe sanctions on professionals who fail to comply with the rules and statutory scheme governing compensation." Alan N. Resnick & Henry J. Sommer, 9 Collier on Bankruptcy ¶2016.01 (16th ed. 2015). "Failure to comply with Bankruptcy Rule 2016 can provide grounds for disqualification of debtor's counsel, disallowance of fees in whole or in part and disgorgement of fees." McMullen v. Schultz, 428 B.R. 4, 13 (D. Mass. 2010).

In the instant case, the U.S. Trustee argues that attorney Conde violated Section 329 and P Fed. R. Bankr. P. 2016(b) by filing two statement of compensation that did not accurately disclose the legal fees she received. On the *2016(b) Statement* filed by attorney Conde on July 3, 2015, (Docket No. 1, p 8) she certified that she agreed to receive $1,000.00 for her services and had received $0.00 prior to the filing of the statement. Contrariwise, the Debtors testified that on that same date they made a payment of $700 in attorney Conde's office. Moreover, on August 25, 2015, attorney Conde filed an *Amended 2016(b) Statement* certifying that she agreed to accept $2,100.00 for her legal services and that she received $1,300.00 prior to the filing of the statement. (Docket No. 24, p. 1). However, as the U.S. Trustee notes, according to the Debtors' testimony by August 25, 2015, the Debtors had already paid $2,060.00, of which $1,600.00 corresponded to attorney Conde's fees[9]. Therefore, even without considering the first *2016(b) Statement* and attorney Conde's argument that she did not know that the Debtors made a payment on the same

---

[9] The Debtors sworn statement indicates that they "gave her the amount of $240 for the filing fees balance due, $1,600 for an advance of legal fees in Chapter 13 and left the amount also of $175.00 for some pending costs including conversion." Docket No. 76, **Exhibit A** of at p. 3, ¶ 12.

-15-

date the petition was filed, the court is still forced to conclude that attorney Conde's 2016(b) statements did not contain adequate disclosure as the information contained in the *Amended 2016(b) Statement* is inconsistent with the Debtors' sworn statement and testimony at the 341 meetings[10]. Furthermore, Attorney Conde cannot claim lack of knowledge as to the *Amended 2016(b) Statement* as it was filed after attorney Conde learned of the situation. Thus, the *Amended 2016(b) Statement* contains inconsistencies and/or inaccuracies and fails to provide adequate disclosure which attorney Conde failed to correct[11]. In re Saturley, 131 B.R. 509, 517 (Bankr. D. Me. 1991) ("Counsel's fee revelations must be direct and comprehensive. Coy or incomplete disclosures which leave the court to ferret out pertinent information from other sources are not sufficient.").

What is more, even at this juncture, the court cannot clearly ascertain the exact amount of legal fees received by attorney Conde as there are inconsistencies between the 2016(b) statements filed, the testimony of the Debtors in the 341 meetings and the sworn statement provided by the Debtors. Accordingly, the court concludes that attorney Conde violated Section 329 and Fed. R. Bankr. P. 2016(b) by failing to provide adequate disclosure which is precisely what Section 329 and Fed. R. Bankr. P. 2016(b) seek to avoid. Id. ("Whatever the explanation for disclosure inadequacies, it reflects poorly on responsible counsel and the resulting potential for frustration of the Code's policy of thorough scrutiny is unacceptable.") (citations omitted).

---

[10] The court notes that pursuant to the *Amended 2016(b) Statement* attorney Conde agreed to accept $2,100.00 for her legal services, however in the verified statement filed by the Debtors they declare that they were informed by attorney Conde that the fees for a Chapter 13 would be "twenty five percent for legal fees depending [*sic*] the amount of the payment plan up to $3,000." (Docket No. 76, **Exhibit A** pp.1-2). Therefore, fee arrangement between the Debtors and attorney Conde is not clear. However, the service contract is not part of the record of the case.

[11] During the 341 meeting held on October 13, 2015, attorney Conde was made aware of the inconsistencies and declared that "I will verify that information to then clarify. If we need to amend the 2016 based on what was testified, then I will now verify the receipts because I am still dealing with the situation in my office." (Docket No. 76, **Exhibit D**, p. 6).

-16-

*Collection of dischargeable fees*

The U.S. Trustee also sustains that attorney Conde improperly received payment for legal services after the Debtors' Chapter 7 bankruptcy petition was filed despite the fact that "courts have held that unpaid pre-petition obligations, including unpaid attorney' fees, are dischargeable." (Docket No. 76, p.10, ¶14).

The court is not aware of any decision from a bankruptcy court from this district which addresses issues related to attorney fees in a Chapter 7 case. The court proceeds to address special issues relating to attorneys' fees in a Chapter 7.

In a Chapter 7 case the attorney for the Debtor is not entitled to be paid from estate funds unless they are employed by the Chapter 7 Trustee and approved by the bankruptcy court. See, 11 U.S.C. §330(a)(1) and § 11 U.S.C. §327. This is so because in 1994 the Bankruptcy Reform Act amended Section 330(a) and deleted the words "debtor's attorney". See Lamie v. U.S. Trustee, 540 U.S. 526, 530, (2004) ("As can be noted, the 1994 enactment's principal, substantive alteration was its deletion of the five words at the end of what was § 330(a) and is now § 330(a)(1): "or to the debtor's attorney."). As a result, in Lamie v. U.S. Trustee, the Supreme Court declared "[a]dhering to conventional doctrines of statutory interpretation, we hold that § 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327. If the attorney is to be paid from estate funds under § 330(a)(1) in a Chapter 7 case, he must be employed by the trustee and approved by the court." Id. at 538–39.

In addition, in a Chapter 7 case "[i]t is now well settled that, if the debtor agrees to pay in the future for pre-petition legal services, the obligation to make such payments is a prepetition debt that is discharged in the bankruptcy case." Hon. Joan N. Feeney, Hon. Michael G. Williamson and

-17-

Michael J. Stepan, Esq., Bankruptcy Law Manual § 10:6 (5th ed.2017–1); Rittenhouse v. Eisen, 404 F.3d 395, 396 (6th Cir. 2005) ("The issue of whether pre-petition attorney fees are dischargeable in bankruptcy is res nova in this circuit. We join three other circuits in concluding that pre-petition attorney fees are dischargeable, and we affirm the order of the district court."). This is so because Section 523(a) does not contain an exception for pre-petition legal services. 11 U.S.C. §523(a); In re Dennis, 2008 WL 4671006, at *1 (Bankr. D.R.I. Oct. 16, 2008) ("A claim for pre-petition legal services is not one of the debts excepted in § 523(a)."). As a result, "[i]t is critically important that Chapter 7 debtor's counsel receive payment in full for the bankruptcy work prior to filing the case" Hon. Joan N. Feeney, Hon. Michael G. Williamson and Michael J. Stepan, Esq., Bankruptcy Law Manual § 10:6 (5th ed.2017–1).

Therefore, it is incumbent on Chapter 7 attorneys to collect fees for *services provided prior to the filing* before the petition is filed. With regards to post-petition fees, the attorney can be paid for services provided after the petition is filed as long as the payment is made from non-estate assets. However, issues can also arise in Chapter 7 if the attorney and the debtor entered into a *pre-petition service contract* that provides for the payment of a "flat-fee[12]" to be paid in post-petition installments. Several courts have held that the obligation is discharged. See, In re Waldo, 417 B.R. 854, 880 (Bankr. E.D. Tenn. 2009) ("The majority view is that pre-petition agreements to pay a flat fee in post-petition installments are dischargeable debts."); but see In re Hines, 147 F.3d 1185, 1190–91 (9th Cir. 1998). Accordingly, those courts have held that "the fee must be paid in full prior to the commencement of the debtor's case or the fee is discharged under § 727(b)." In re Mansfield, 394 B.R. 783, 791 (Bankr. E.D. Pa. 2008). Thus, one possible alternative is for

---

[12]A "flat" or "fixed" fee is defined as a "flat charge for a service; a charge that does not vary with the amount of time or effort required to complete the service. "Black's Law Dictionary (10th ed. 2014). The court notes that there is no local rule in the District of Puerto Rico adopting a flat-fee for Chapter 7 cases.

-18-

attorneys to collect all fees due (including pre and post-petition fees) before the Chapter 7 petition is filed.

On the other hand, this court, along with several courts and scholars who have examined the issue, is keenly aware that many Chapter 7 debtors do not have the financial means to retain and pay the attorney prior to the filing of the petition, especially in cases where the filing is an emergency filing[13]. However, Chapter 7 consumer attorneys have options. As the court in In re Waldo explained "[t]he following options, however, which have been employed by other courts, appear to fall within the scope of potential and allowable solutions: (1) requiring Chapter 7 debtors to pay "flat" or "no-look" attorney's fees in full prior to filing; (2) revising retainer agreements and expressly designating pre-petition services, which are paid pre-petition, and post-petition services, which shall be paid post-petition; or (3) accepting payment by third parties." In re Waldo, 417 B.R. at 895. Nevertheless, these controversies are not presently before the court and need not be examined in this case[14]. The court is highlighting some of the potential issues in an effort to caution attorneys for debtors of the potential controversies that could arise in a Chapter 7.

In the instant case, attorney Conde certified on the *Rule 2016(b) Statement* filed on July 3, 2015, (Docket No. 1, p.8) that she agreed to receive $1,000.00 for legal services. However, attorney Conde certified that she had received no payment from the Debtors prior to the petition. Thus, it was inappropriate for her to receive and keep the payment from the Debtors post-petition as it would seem to include payment for pre-petition legal services including the preparation and filing of the petition for which she had not been previously paid and was a dischargeable debt[15].

---

[13] Puffer v. Pappalardo, 674 F.3d 78, 86 (1st Cir. 2012) (concurring opinion by Circuit Judge Lipez discussing the rise of "fee-only" Chapter 13 cases in response to the Lamie decision and debtors' inability to pay attorney's fees).

[14] As previously noted, the service contract has not been filed and is not part of the record. Thus, the details of the fee arrangement made between the Debtors and attorney Conde is not clear and is not before the court.

[15] The court once again emphasizes that attorney Conde never filed proposed findings of facts and conclusions of law in the instant case. However, pursuant to the *2016(b) Statement* filed on July 3, 3015, the $1,000.00 attorney Conde

Despite her assertions that she did not find out about the payments until August 12, 2015, the fact remains that she failed to return the money to the Debtors once she became aware and prior to filing the motion to convert to Chapter 13.

Finally, the court notes that throughout the pendency of this contested matter attorney Conde has argued that she cannot be held responsible for her secretary's actions, which she sustains were in violation of instructions given by her (Conde) and which she had no knowledge of until the 341 meeting held on August 12, 2015. As discussed above, the court concludes that attorney Conde nevertheless failed to correct and/or properly address the violations and inconsistencies once she was informed of the payment by the Debtors. The court cautions attorneys against shifting responsibility for their actions to their employees. ABA Model Rule of Professional Conduct 5.3(c)[16] provides with respect to a nonlawyer employed or retained by or associated with a lawyer that:

> a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if:
> (1) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or
> (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

Thus, attorneys can be held responsible for the actions taken by their non-attorney employees. This is so because "[s]uch assistants, whether employees or independent contractors, act for the lawyer in rendition of the lawyer's professional services." MRPC Rule 5.3, comment 2. Therefore "[a]

---

agreed to accept for her legal services included pre-petition services such as the analysis of the debtor's financial situation, and the preparation of the filing of the petition. See Docket No. 1, p. 8.

[16] Applicable to the instant matter pursuant to LBR 1001-1(b) and L.Cv.R. 83E. See In re MJS Las Croabas Properties, Inc., 530 B.R. 25 at 42 ("In Puerto Rico, PR L. Civ. R. 83E(c) and (d), applicable to the instant case through PR LBR 1001–1(b), preserves this court's inherent power to sanction attorneys appearing before it.").

lawyer must give such assistants appropriate instruction and supervision concerning the ethical aspects of their employment, particularly regarding the obligation not to disclose information relating to representation of the client, and should be responsible for their work product." Id. In addition, "[t]he measures employed in supervising nonlawyers should take account of the fact that they do not have legal training and are not subject to professional discipline." Id. This is especially relevant in a case like this where it appears that attorney Conde delegated various responsibilities to her secretary while she was out of the office dealing with a family emergency.

*Sanctions to be Imposed*

The imposition of sanctions against an attorney is not something that the court takes lightly. Nonetheless, the court must now determine what, if any, would be the appropriate sanction for attorney Conde's violations of the disclosure requirements mandated by Section 329 and Fed. R. Bankr. P. 2016(b).

As previously noted, "[b]ecause disclosure under section 329(a) and Rule 2016(b) is "central to the integrity of the bankruptcy process," failure to disclose is sanctionable. The sanctions can include partial or total denial of compensation as well as partial or total disgorgement of fees paid." In re Jackson, 401 B.R. 333, 340 (Bankr. N.D. Ill. 2009) (internal citations omitted); quoting In re Andreas, 373 B.R. 864, 872 (Bankr.N.D.Ill.2007). See In re Park-Helena Corp., 63 F.3d 877, 882 (9th Cir. 1995) ("Even a negligent or inadvertent failure to disclose fully relevant information may result in a denial of all requested fees."); In re Whitcomb, 479 B.R. 133, 144 (Bankr. M.D. Fla. 2012) ("An attorney who fails to comply with the requirements of § 329(a) and Rule 2016(b) is subject to "forfeiture of 'any right to receive compensation for services rendered on behalf of the debtor,' and the disgorgement of any funds already paid by the debtor.") (citations omitted); In re McMullen, 2009 WL 1490581, at *15 (Bankr. D. Mass. May 27, 2009) ("The United States Court of Appeals for the First Circuit has made clear that "full and timely disclosure

of the details" of any fee arrangement is mandatory. Failure to do so can provide grounds for disqualification of debtor's counsel, disallowance fees in whole or part, disgorgement of fees, and the invalidation of a security interest.") (citations omitted). Therefore, "[t]he Court enjoys broad discretion in designing appropriate remedies to deal with violations of § 329(a) and Rule 2016(b)". In re Blackburn, 448 B.R. 28, 40 (Bankr. D. Idaho 2011). See also; In re Sandpoint Cattle Co., LLC, 556 B.R. 408, 426 (Bankr. D. Neb. 2016) ("The decision to reduce fees, deny fees or order disgorgement of fees under section 329 is within the sound discretion of the bankruptcy court.") (citations omitted); In re Saturley, 131 B.R. at 517("The court may exercise its discretion to deny or reduce fees for counsel's failure to disclose its fee arrangements whether or not actual harm accrues to the estate."). "The disclosure rules are to be applied literally, even if the results are at times harsh." In re Blackburn, 448 B.R. at 41.

The court concludes that attorney must Conde disgorge all fees collected in the instant case. As noted by several of the decisions cited above, the disclosure requirements imposed by Section 329 and Fed. R. Bankr. P. 2016(b) are central to the bankruptcy system. In addition, attorney Conde appears to have collected (and failed to return) pre-petition attorney fees from the Debtors after the Chapter 7 petition was filed. The court notes that attorney Conde has been practicing before this court for approximately twenty years. The court is also aware that attorney Conde experienced a family emergency during the pendency of this case. Nevertheless, the ultimate responsibility rests upon her. Moreover, as of this date the court is still unable to ascertain from the *Rule 2016(b)* statements the exact amount of attorney fees collected by attorney Conde as the information contained therein is inconsistent with the information provided by the Debtors in their sworn statement.

Therefore, the court finds that the disgorgement of fees is appropriate. See In re Woodward, 229 B.R. 468, 475 (Bankr. N.D. Okla. 1999) ("The law is clear that the failure to

-22-

properly disclose compensation received is in and of itself grounds for disgorgement. The fact that the fee may or may not have been reasonable or have been earned does not justify a disregard for the rules of disclosure."), citing In re Inv. Bankers, Inc., 4 F.3d 1556, 1565 (10th Cir. 1993).

As the court finds that sanctions in the form of the disgorgement of fees are proper for attorney Conde's failure to comply with the disclosure requirements of Sections 329 and Fed. R. Bankr. P. 2016(b) it does not need to rely on Section 105 to impose sanctions in the instant case[17].

Conclusion

For the reasons stated herein, the U.S. Trustee's *Motion for Sanctions* (Docket No. 18), as supplemented by Docket No. 76, is hereby denied in part and granted in part. The U.S. Trustee's request for sanctions pursuant to Fed. R. Bankr. P. 9011 is denied for failure to comply with the safe harbor requirement. However, the court finds that attorney Conde failed to comply with the disclosure requirements of Section 329 and Fed. R. Bankr. P. 2016(b). In addition, attorney Conde appears to have collected and failed to return pre-petition attorney fees after the Debtors' Chapter 7 petition was filed. The court hereby sanctions attorney Conde pursuant to Section 329 and Fed. R. Bankr. P. 2016(b) for failing to comply with the disclosure requirements and she is hereby ordered to disgorge all attorneys' fees collected in the instant case.

SO ORDERED.

In San Juan, Puerto Rico, this 20th day of July, 2017.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

[17] Although the U.S. Trustee's request for sanctions is partly based on Section 105, its briefs and motions all contain citations and discussion regarding Section 329 and Fed. R. Bankr. P. 2016(b).